| | |
|---|---|
| 1 | **PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY** |
| 2 | Name __Ali__   __Riyah__   _____ |
|   | (Last)      (First)      (Initial) |
| 3 | Prisoner Number __J-09891__ |
| 4 | Institutional Address __P.O. Box 2500 D-111 Low__ |
| 5 | __Vacaville, California 95696__ |

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

Riyah Ali
(Enter the full name of plaintiff in this action.)

vs.

Mike Knowles, Warden(A)

(Enter the full name of respondent(s) or jailor in this action)

Case No. **CV 08 0864 PJH**
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

(PR)

E-filing

---

Read Comments Carefully Before Filling In

When and Where to File

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS          - 1 -

1  <u>Who to Name as Respondent</u>

2      You must name the person in whose actual custody you are. This usually means the Warden or
3  jailor. Do not name the State of California, a city, a county or the superior court of the county in which
4  you are imprisoned or by whom you were convicted and sentenced. These are not proper
5  respondents.

6      If you are not presently in custody pursuant to the state judgment against which you seek relief
7  but may be subject to such custody in the future (e.g., detainers), you must name the person in whose
8  custody you are now <u>and</u> the Attorney General of the state in which the judgment you seek to attack
9  was entered.

10  A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

11      1. What sentence are you challenging in this petition?

12      (a)    Name and location of court that imposed sentence (for example; Alameda
13          County Superior Court, Oakland):

14  Santa Clara County Superior Ct. San Jose, CA
15  Court                                    Location

16      (b)    Case number, if known __209404__

17      (c)    Date and terms of sentence __April 5, 1999__

18      (d)    Are you now in custody serving this term? (Custody means being in jail, on
19          parole or probation, etc.)    Yes __X__    No ____

20      Where?

21      Name of Institution: California Medical Facility

22      Address: P.O. Box 2500 Vacaville, CA 95696-2500

23      2. For what crime were you given this sentence? (If your petition challenges a sentence for
24  more than one crime, list each crime separately using Penal Code numbers if known. If you are
25  challenging more than one sentence, you should file a different petition for each sentence.)
26  P.C. 245(a)(1) 2 counts; 667; 1192.7; 186.22(b)(1); 594(a)(b)
27  (2); 136.1(c)(1); 1170.12; 245(a)(2)
28  _____

PET. FOR WRIT OF HAB. CORPUS        - 2 -

1   3. Did you have any of the following?
2       Arraignment:                        Yes __X__    No ____
3       Preliminary Hearing:                Yes __X__    No ____
4       Motion to Suppress:                 Yes __X__    No ____
5   4. How did you plead?
6       Guilty ____  Not Guilty ____  Nolo Contendere __X__
7       Any other plea (specify) _____
8   5. If you went to trial, what kind of trial did you have?
9       Jury ____    Judge alone ____    Judge alone on a transcript ____
10  6. Did you testify at your trial?       Yes ____     No ____
11  7. Did you have an attorney at the following proceedings:
12      (a)  Arraignment                    Yes __X__    No ____
13      (b)  Preliminary hearing            Yes __X__    No ____
14      (c)  Time of plea                   Yes __X__    No ____
15      (d)  Trial                          Yes __X__    No ____
16      (e)  Sentencing                     Yes __X__    No ____
17      (f)  Appeal                         Yes __X__    No ____
18      (g)  Other post-conviction proceeding   Yes __X__  No ____
19  8. Did you appeal your conviction?      Yes __X__    No ____
20      (a)  If you did, to what court(s) did you appeal?
21           Court of Appeal                Yes __X__    No ____
22           Year: _2001_    Result: _Denied_____
23           Supreme Court of California    Yes __X__    No ____
24           Year: _2001_    Result: _Denied_____
25           Any other court  Northern District  Yes __X__  No ____
26           Year: _2003_    Result: _Dismissed for Time_____
27
28      (b)  If you appealed, were the grounds the same as those that you are raising in this

PET. FOR WRIT OF HAB. CORPUS            - 3 -

| | | | | |
|---|---|---|---|---|
|1| |petition?|Yes _X_|No___|
|2|(c)|Was there an opinion?|Yes ___|No _X_|
|3|(d)|Did you seek permission to file a late appeal under Rule 31(a)?| | |
|4| | |Yes _x_|No___|

5  If you did, give the name of the court and the result:

6  U.S. District Court-Northern District

7  Petition Dismissed for Timeliness

8  9. Other than appeals, have you previously filed any petitions, applications or motions with respect to

9  this conviction in any court, state or federal?    Yes _x_   No___

10  [Note: If you previously filed a petition for a writ of habeas corpus in federal court that

11  challenged the same conviction you are challenging now and if that petition was denied or dismissed

12  with prejudice, you must first file a motion in the United States Court of Appeals for the Ninth Circuit

13  for an order authorizing the district court to consider this petition. You may not file a second or

14  subsequent federal habeas petition without first obtaining such an order from the Ninth Circuit. 28

15  U.S.C. §§ 2244(b).]

16  (a)  If you sought relief in any proceeding other than an appeal, answer the following

17  questions for each proceeding. Attach extra paper if you need more space.

18  I.  Name of Court: __Superior Court of California__

19  Type of Proceeding: __Habeas Petition__

20  Grounds raised (Be brief but specific):

21  a. __Ineffective Assistance of Trial/Appellate__

22  b. __Request to Withdraw Plea__

23  c. __Actual Innocence__

24  d. _____

25  Result: __Denied__   Date of Result: 27 Oct.00

26  II.  Name of Court: __Calif. Court of Appeals, Sixth Dist.__

27  Type of Proceeding: __Habeas Petition__

28  Grounds raised (Be brief but specific):

PET. FOR WRIT OF HAB. CORPUS          - 4 -

|   |   |   |
|---|---|---|
| 1 | | a. __Same as Above__ |
| 2 | | b. _____ |
| 3 | | c. _____ |
| 4 | | d. _____ |
| 5 | | Result: __Denied__    Date of Result: __22 Mar 01__ |
| 6 | III. | Name of Court: __Supreme Court of California__ |
| 7 | | Type of Proceeding: __Habeas Petition__ |
| 8 | | Grounds raised (Be brief but specific): |
| 9 | | a. __Same as Above__ |
| 10 | | b. _____ |
| 11 | | c. _____ |
| 12 | | d. _____ |
| 13 | | Result: __Denied__    Date of Result: __31 OCT 01__ |
| 14 | IV. | Name of Court: __U.S. District Court-Northern Dist.__ |
| 15 | | Type of Proceeding: __Habeas Petition__ |
| 16 | | Grounds raised (Be brief but specific): |
| 17 | | a. __Same as Above__ |
| 18 | | b. _____ |
| 19 | | c. _____ |
| 20 | | d. _____ |
| 21 | | Result: __Dismissed__    Date of Result: __11 Aug 03__ |

22  (b)  Is any petition, appeal or other post-conviction proceeding now pending in any court?

23               Yes ____   No __X__

24       Name and location of court: _____

25  B. GROUNDS FOR RELIEF

26       State briefly every reason that you believe you are being confined unlawfully. Give facts to
27  support each claim. For example, what legal right or privilege were you denied? What happened?
28  Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS           - 5 -

## Standard of Review

Petitioner's instant petition is unique in that it purports that both of petitioner's Trial and Appellate attorneys colluded to commit fraud in order to relieve both petitioner and his co-defendants from being convicted of a more strenuous sentence. This is what the Deputy Attorney General purported in his Reply to Opposition to Motion to Dismiss Petition for Writ of Habeas Corpus (exh. A). There the Deputy Attorney General states in his argument that for a claim of Actual Innocence to prevail "such claim requires petitioner to support his allegations of constitutional error with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence- that was not presented at trial. Because such evidence is obviously unavailable in the vast majority of cases, claims of actual innocence are rarely successful." Schlup v. Delo 513 U.S. 298,315,327(1995) id. at 324. In this instance that rare but nevertheless factual information has finally come to light. The Ninth Circuit in it's decision in Gandarela v. Johnson, 286 F.3d 1080,1085(2002) states, "If a petitioner...presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of non-harmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claim. The petitioner will show that the collu- between the Trial and Trial/Appelate Attorney constituted structural error and deprived petitioner of his 5th, 6th, and 14th Amendment Rights. (SEE EXHIBIT I).

Petitioner tried to present his claims in the state courts under Taylor v. Maddox which states;

> "A petitioner...is entitled to an evidentiary hearing where the petitioner establishes a 'colorable' claim for relief, and where the petitioner has never been accorded a state or federal hearing on his claim." Earp v. Oronski, 431 F.3d 1158,1167(9th Cir. 2005), citing Townsend v. Swain, 372 U.S. 293(1963) and Keeney v. Tamayo-Reyes, 504 U.S. 1,5.

6.

However in Summary Judgement the instant petition was dismissed. This is even though all courts agree that due to gross error on the part of Trial and Trial/Appellate Attorneys, petitioner's Writ was Time-Barred and never has his claims been heard. (see exh. A,H).

Petitioner until just recently had no way to prove his claim of Ineffective Assistance of both trial and trial/appellate attorneys until the California State Bar had concluded it's own investigation into the wrongdoing of the trial/appellate attorney (see exh. D). Petitioner's claims are (in light of the State Bar Decision to disbar the trial/appellate attorney), both "cognizant and colorable" and deserve an evidentiary hearing.

The California Supreme Court in it's Summary Decision to deny the instant petition failed to apply clearly established federal law as articulated by the U.S. Supreme Court, and the statues under 28 U.S.C.A. 2254. In citing IN RE Robbins 18 Cal.4th 770.780 the California Supreme Court failed to hold an evidentiary hearing which would have determined that both prongs of Robbins had been met; "(i) that error of constitutional magnitude led to a trial so fundamentally unfair that absent the error no reasonable judge or jury would have convicted petitioner; (ii) that petitioner is actually innocent...!" The Supreme Court failed to address that because of the investigation(s) that were being conducted by the State Bar Enforcement Counsel, the petitioner has shown "good cause for the substantial delay" in bringing the instant petition. Under 28 U.S.C.A. 2254-1129-Actual Innocence, Miscarriage of Justice; "The Miscarriage-of-Justice exception to the procedural default of a Habeas Claim applies when the petitioner can demonstrate that he is actually innocent.

7.

1 need more space. Answer the same questions for each claim.

2 [Note: You must present ALL your claims in your first federal habeas petition. Subsequent petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant, 499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

Claim One: Ineffective Assistance of both Trial/Appellate counsel for advising petitioner to plead to a crime he didn't commit in order that the trial court would grant motion to withdraw plea and remove counsel.

Supporting Facts: Trial/Appellate Counsel committed fraud and gross negligence. Attorney was found guilty and Disbarred from practicing law. Both attorneys knew that there was actual evidence that undisputedly showed that petitioner
(see attached pg.)

Claim Two: Petitioner's Right to a Fair Trial and Due Process was violated when he was convicted and sentenced falsely of a crime he didn't commit.

Supporting Facts: Petitioner has sworn testimony of the two co-defendants as well as the testimony of the victim, which shows definitively that he was not the assailant. Petitioner has confirmed physical evidence showing that he is not the
(see attached)

Claim Three: _____

Supporting Facts: _____

If any of these grounds was not previously presented to any other court, state briefly which grounds were not presented and why:

PET. FOR WRIT OF HAB. CORPUS      8.

Continuation of Claim 1-was innocent of the charges he pled no contest to. The attorneys collusion was perpetrated in order to first allow petitioner's co-defendants to be sentenced to a lessor penalty, and then so that their testimony would be available to petitioner without the self-incrimination bar. Petitioner was told to go along with the "no-contest" plea and it would be withdrawn later. Everything had been worked out. Petitioner being a layman at law understandably took the word of his counsel.

Continuation of Claim 2-perpetrator of the crime. The victim himself states that petitioner didn't do it. The deputy attorney general states that the record of trial doesn't refute petitioner's claim. Petitioner shows that the inappropriate conduct on the part of his trial/appellate attorney directly led to the instant conviction by having an innocent man plead guilty to a crime he didnot commit, in order to get the plea withdrawn later. Petitioner trusted his counsel to represent his interests and understandably agreed to the strategy as outlined to him from the "legal experts". *(SEE EXHIBIT I - SWORN DECLARATION OF CO-DEFENDANTS WHO WERE NOT CHARGED.)*

8a.

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  <u>U.S.C.A. 2254; Anderson v. Benik 471 F.3d 811; Lundgren v.</u>
5  <u>Mitchell, 440 F.3d 745; Dretke v. Haley, U.S.2004 124 S.Ct.</u>
6  <u>1874; Strickland v. Washington, 466 U.S. 668; Brown v. Allen,</u>
   <u>344 U.S. 443.</u>
7  Do you have an attorney for this petition?                  Yes____   No _X_
8  If you do, give the name and address of your attorney:
9  _____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.
12
13  Executed on  Jan 29th 2008              Ruyaz Au.
14           Date                           Signature of Petitioner

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS              9.

