**FILED**

FEB 0 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

RECEIVED

FEB - 8 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

*PJH*

CV 08    0864

*(PR)*

# EXHIBIT A

1  BILL LOCKYER
   Attorney General of the State of California
2  ROBERT R. ANDERSON
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Acting Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  GREGORY A. OTT
   Deputy Attorney General
6  State Bar No. 160803
       455 Golden Gate Avenue, Suite 11000
7      San Francisco, CA 94102-7004
       Telephone: (415) 703-5964
8  Fax: (415) 703-1234
   Attorneys for Respondent
9

                    IN THE UNITED STATES DISTRICT COURT
10
                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
11
                           ᵴ  ᵳRANCISCO DIVISION
12
   _____
13  RIYAZ ALI,                                C 02-3889 PJH

14                          Petitioner,       **REPLY TO OPPOSITION TO**
                                              **MOTION TO DISMISS**
15        v.                                  **PETITION FOR WRIT OF**
                                              **HABEAS CORPUS**
16  EDWARD ALAMEIDA, JR., Director of the
    California Department of Corrections,
17
                            Respondent.
18
   _____
19

20                          **INTRODUCTION**

21        On October 8, 2002, respondent filed a motion to dismiss the petition for writ of habeas

22  filed by state prisoner Riyaz Ali ("petitioner"), on the grounds that the petition (1) was filed beyond

23  the-year statute of limitations set by 28 U.S.C. § 2244(d)(1), (2) contains noncognizable claims, and

24  (3) contains unexhausted claims.  Petitioner opposes the motion.  We reply.

25                            **ARGUMENT**

26        Petitioner does not dispute that his petition is untimely or that it contains noncognizable

27  and unexhausted claims.  He contends instead that he is actually innocent, and therefore should be

28

Feb 7ᵗʰ 2ᵒᵒ�′

1  permitted to bypass the AEDPA statute of limitations.[1/]

2      The Supreme Court has held that an otherwise procedurally barred federal habeas claim
3  may be heard on the merits if the petitioner can show that in light of all the evidence, "it is more
4  likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt."
5  *Schlup v. Delo*, 513 U.S. 298, 315, 327 (1995); *see Carriger v. Stewart*, 132 F.3d 463, 477 (9th Cir.
6  1997) (en banc). The petitioner bears the burden of making such showing. *Speringo v. McLaughlin*,
7  202 F. Supp. 2d 179, 187 (S.D.N.Y. 2002); *Reasonover v. Washington*, 60 F. Supp. 2d 937, 949
8  (E.D. Mo. 1999); *see Harris v. Reed*, 489 U.S. 255, 262 (1989); *Murray Carrier*, 477 U.S. 478, 496
9  (1986). The Supreme Court has emphasized that such a showing will be "extremely rare," *Schlup*,
10  513 U.S. at 322, and occur only in the "extraordinary case," *id.* at 322. To be credible "such claim
11  requires petitioner to support his allegations of constitutional error with new reliable evidence –
12  whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical
13  evidence – that was not presented at trial. Because such evidence is obviously unavailable in the vast
14  majority of cases, claims of actual innocence are rarely successful." *Id.* at 324.

15      Neither the Supreme Court nor this Circuit Court of Appeals has held that a state prisoner
16  may bypass the AEDPA statute of limitations by claiming "actual innocence." *Majoy v. Roe*, 296
17  F.3d 770, 776 (9th Cir. 2002); *In re Roe*, 257 F.3d 1077, 1079 n.1 (9th Cir. 2001). We contend the
18  exception does not so apply. Regardless, petitioner cannot meet it here.

19      To support his claim of actual innocence petitioner presents the following "new evidence":
20  one, petitioner's two codefendants were willing to testify for petitioner that they were involved in
21  the attack but that petitioner was not; and two, one of his victims misidentified him at the
22  preliminary hearing. Petitioner's Notice of Substitution of Counsel and Response to Respondent's
23  Motion to Dismiss (hereinafter "Opposition") at (unnumbered pages) 4-9. He explains the evidence

24

25

26
_____

27      1. Petitioner's innocence contention has no bearing on the issues of exhaustion and
   cognizability. As he does not independently address those issues, we stand on the applicable
28  arguments set forth in our motion to dismiss.

1  is "new" because his trial counsel failed to investigate or gather it.[2/] His new evidence is insufficient

2  to establish a claim of actual innocence.

3      We note initially the chief obstacle to petitioner's claim of innocence: He admitted his

4  guilt; he pleaded guilty.[3/]  Petitioner attempts to explain the fact that he admitted his guilt by

5  claiming that he did so to avoid serving a longer term if convicted after a trial.[4/]  Petition Exh. D at

6  ¶4. Presumably such is the reason many if not most defendants accept plea bargains, however. The

7  circumstance of petitioner's plea also makes his current claim all too convenient. Specifically, there

8  is no trial record to refute petitioner's claim. Indeed, although he bears the burden of showing a

9  colorable claim of actual innocence and was represented by counsel when he filed the instant

10  petition, petitioner failed to provide *any* part of the trial record, e.g., a transcript of the preliminary

11  hearing, plea, or sentencing.

12      Petitioner's evidence that his codefendants were willing to take the rap for him at their own

13  expense is patently unreliable. Petitioner's evidence consists of a statement from each of his two

14  codefendants to the effect that while they directly participated in the attack, petitioner, albeit present

15  during the attack, did not. *See* Petition Exhs. B, C. One of the codefendants is petitioner's brother.

16  Petition Exhs. C, D at ¶2. Further, both of the codefendants pleaded guilty, and only after obtaining

17  plea bargains and pleading claimed they purportedly were and are willing to implicate themselves

18  and exonerate petitioner. *See* Petition Exhs. B, C. Notably absent is a declaration or statement by

19  either of the codefendants' trial counsel corroborating the codefendants' claim, let alone averring that

20  they were prepared to permit their clients to implicate themselves and exonerate petitioner on the

21

22

23

24    2. Absent is any statement from petitioner's trial counsel on any of the issues raised herein, or any indication petitioner or his habeas counsel attempted to obtain such a statement.

25    3. "A plea of guilty admits all elements of the crime charged." *Rusheen v. Drews*, 99 Cal.
26  App. 4th 279, 287 n.21 (2002).

27    4. One of petitioner's own exhibits also indicates petitioner fled to Canada after the attack,
   and pleaded guilty to threatening one of the witnesses against him. Petition Exh. M at 2-3.
28  Petitioner fails to explain either of these circumstances in light of his claim that he is innocent.

1   record before a trial or plea.[5/] In short, petitioner's "new" evidence of innocence is untrustworthy

2   and uncorroborated. *See Schlup v. Delo*, 513 U.S. at 324 (new evidence of innocence must be

3   trustworthy).

4          The codefendants' statements are also not new evidence. If, arguendo, petitioner was

5   present but did not participate in the attack, then he has known since that evening that his

6   codefendants could testify accordingly. It is also difficult to understand how petitioner could not

7   have known that his own brother, one of his codefendants, was willing to testify for him. In sum,

8   petitioner knew before pleading that his codefendants could testify to his purported innocence, and

9   surely knew that at least his brother would so testify if called. The codefendant statements do not

10  constitute new evidence of innocence. That petitioner has been aware of such evidence since before

11  his plea also defeats any suggestion that he has diligently pursued challenging his conviction. That

12  is, petitioner has had his "new evidence" since before or at the time of his plea, yet filed the instant

13  petition 253 days after expiration of the one-year statute of limitations.

14         The codefendants' statements are also not consistent with their earlier statements and do

15  not, in any event, entirely exonerate petitioner. Both of the codefendants' current and prior

16  statements make clear that petitioner was at the scene of the attack and participated at least in

17  arranging and assisting it. *See* Petition Exhs. B, C at ¶¶2-3, M (exhs. A & B thereto). Indeed, even

18  taken at their word the codefendants' statements establish petitioner's role as at least an aider and

19  abettor, and therefore principal. *See* Cal. Pen. Code § 31; Petition Exhs. B, C.

20         Petitioner's other "new" evidence is his assertion that one of his victims, Pravin Sharma,

21  misidentified him. Opposition at (unnumbered page) 4. Petitioner states that at the preliminary

22  hearing Sharma stated that petitioner had a particular tattoo that petitioner was shown not to have.

23  Opposition at (unnumbered page) 4. Petitioner asserts that because of the alleged misidentification,

24  his trial counsel should have investigated Sharma's "background"; petitioner speculates what

25

26     5. Indeed, one of petitioner's own exhibits indicates that prior to pleading he attempted to
27  have two coparticipants – it is unclear whether they were his codefendants – testify on his behalf.
    When called to do so, however, both individuals invoked the Fifth Amendment and declined to
28  testify. Petition Exh. M at 3.

1    investigation might have yielded. Opposition at (unnumbered pages) 4-5.

2        Even assuming Sharma misidentified petitioner at the preliminary hearing,[6] such fact is
3    not new, as it was, by petitioner's own assertion, revealed at the preliminary hearing, before
4    petitioner entered his plea. Opposition at (unnumbered page) 4. As to what a "background
5    investigation" might have yielded, petitioner offers nothing but his own speculation, which is neither
6    "new" nor evidence. Sharma's alleged confusion over petitioner's tattoo adds nothing to his claim
7    of actual innocence.

8        The balance of petitioner's response consists simply of a recitation of his underlying claim
9    of ineffective assistance of trial and appellate counsel. *See* Opposition at (unnumbered pages) 4-9.
10   Petitioner's persistent reiteration that counsel were ineffective, however, is beside the point. An
11   underlying claim of constitutional error does not work to establish actual innocence to permit hearing
12   such a claim on the merits; the two issues are distinct.

13       Petitioner's "new evidence" of actual innocence is insufficient to support the "extremely
14   rare" showing of actual innocence necessary to bypass the AEDPA statute of limitations. *See Schlup*
15   *v. Delo*, 513 U.S. at 322. Petitioner's evidence is not trustworthy, corroborated, or new. Petitioner
16   entirely fails to show diligence in filing his petition 253 days after the expiration of the statute of
17   limitations, especially when his "new evidence" is in the same evidence that, by his own admission,
18   he attempted to present to the trial court. *See*, *e.g.*, Petition Exh. M.

19                                         **CONCLUSION**

20       For the foregoing reasons, and those discussed in our motion to dismiss, the petition
21   should be dismissed with prejudice.

22

23

24

25

---

26       6. As petitioner did not appeal from his conviction, a record thereof was not prepared or
27   forwarded to counsel for respondent. We thus do not have a copy of transcripts of, e.g., petitioner's
     preliminary hearing, plea, or sentencing. Regardless, petitioner bears the burden of supporting his
28   innocence claim: the absence of record support is telling.

Reply To Opposition To Motion To Dismiss Petition For Writ Of Habeas Corpus - C 02-3889 PJH

1                 Dated: February 7, 2003

2                                            Respectfully submitted,

3                                            BILL LOCKYER
Attorney General of the State of California

4                                            ROBERT R. ANDERSON
Chief Assistant Attorney General

5

                                            GERALD A. ENGLER
Acting Senior Assistant Attorney General

6

7                                            PEGGY S. RUFFRA
Supervising Deputy Attorney General

8

9

                                            GREGORY A. OTT

10                                            Deputy Attorney General

11                                            Attorneys for Respondent

12   GAO
     I:\All\OTT\ali.reply.rntd1.wpd

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF SERVICE BY MAIL

Case Name: **ALI v. ALAMEIDA, JR., Director of the CA Dept. of Corrections**
No.: **C 02-3889 PJH**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On February 7, 2003, I served the attached

## REPLY TO OPPOSITION TO MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, California 94102-7004, addressed as follows:

Riyaz Ali
CDC # J-09891
Deuel Vocational Institution State Prison
P.O. Box 600, Z-Dorm, Bed 72
Tracy, CA 95378-0600

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on February 7, 2003, at San Francisco, California.

| | |
|---|---|
| C. Crisostomo | C. Crisostomo |
| Declarant | Signature |

# EXHIBIT B

1                IN THE SUPERIOR COURT OF CALIFORNIA

2                   COUNTY OF SANTA CLARA COUNTY

3                HONORABLE JEAN HIGH WETENKAMP, JUDGE

4                             DEPARTMENT 26

5

6

7    PEOPLE OF THE STATE OF

8    CALIFORNIA

9                  Plaintiff,        Case #    209404

10

11                  vs.

12   RIYAZ ALI,

13                  Defendant.

14

15   _____ _____ _____  _____/

16

17                REPORTER'S TRANSCRIPT OF PROCEEDINGS

18

19                         JANUARY 6, 1999

20

21

22

23

24   A P P E A R A N C E S:

25   For the People:         DAVE HOWE, D.D.A.
                             Office of the District Attorney
26
     For the Defendant:      ANDREA AMBROSIO, ESQ.
27                           Law Offices of Andrea Ambrosio

28   Reported by:            CHRISTINE C. DAUGHERTY, CSR, RPR
                             Certificate No. 9403

| 1 | SAN JOSE, CALIFORNIA | JANUARY 6, 1999 |

1    SAN JOSE, CALIFORNIA                    JANUARY 6, 1999

2

3                    P R O C E E D I N G S

4        THE COURT:  Court recalls the matter of People versus

5    Riyaz Ali.  For the record Mr. Ali is present and in

6    custody with his attorney, Ms. Ambrosio, and the District

7    Attorney is present, Mr. Howe.

8              Also it appears two police officers are present.

9        MR. HOWE:  Just for the record, that would be Officer

10   Bob Wilkey of the Palo Alto Police Department.  He's the

11   primary investigating officer and Officer John Wall, who

12   would be the expert in this case.

13       MS. AMBROSIO:  Can I have one moment to discuss this

14   matter.

15       THE COURT:  Yes.

16       (BRIEF RECESS.)

17       THE COURT:  Again we are back on the record in open

18   court in the matter of People versus Riyaz Ali.  There

19   has been additional time for Mr. Ali to speak with his

20   attorney, and if I may just state for the record there

21   appears to be the issue of waiver of appellate rights.

22   Is that correct?

23       MS. AMBROSIO:  Yes, Your Honor.

24       THE COURT:  And that, Ms. Ambrosio, you did contact

25   an attorney who specializes in appellate rights?

26       MS. AMBROSIO:  That's right.

27       THE COURT:  And you communicated that information to

28   your client and explained that that means, Mr. Ali, that

 1  you are giving up the right to appeal, for example, my
 2  rulings on motions to severe, and the other rulings I may
 3  have made or rulings in the preliminary examination;
 4  however, you do not give up the right if I make any
 5  errors in sentencing, you do have the right to appeal
 6  sentencing issues.

 7          Do you understand that, Mr. Ali?
 8      THE DEFENDANT:  Yeah.

 9      THE COURT:  Okay.  It's my understanding you want to
10  plea no contest to these charges, admit the allegations.
11  The DA is going to strike the serious felony prior
12  conviction so that we can get to the 14 years.

13          I'm going refer it over to probation for
14  computation of credits as well as notification to the
15  victims.  And I think your attorney explained over the
16  lunch hour we did some additional research, you are going
17  to receive, it appears, a third off for your local time.
18  But the District Attorney also did some investigation and
19  it appears that you, perhaps, were not in custody on this
20  matter until September 16th.  So, you know, whatever the
21  facts are, we will live with that.

22          Apparently there was some violation of
23  immigration laws in Canada and this complaint had not yet
24  been filed.  Whatever the probation department finds out,
25  that's the computation of credits.  And apparently during
26  the numerical comparisons it's a wash from what we had
27  talked about this morning because I was under the
28  misunderstanding that you were only going to get 20

```
 1   with your attorney about the charges and the allegations
 2   so you understand what the DA must prove to show that you
 3   are guilty of the charge as well as any possible defense
 4   you might have to the charges?
 5           THE DEFENDANT:  Yes.
 6           THE COURT:  Are you satisfied with the advice and
 7   representation that you've received?
 8           THE DEFENDANT:  Yeah.
 9           THE COURT:  Do you understand the promises made to
10   you in return to your no contest pleas and your
11   admission, and that is your sentence will be 14 years in
12   state prison, no more, no less, and that you will receive
13   the appropriate credits?
14           THE DEFENDANT:  Yes.
15           THE COURT:  Have there been any promises made to you
16   or any threats made to you regarding this disposition?
17           THE DEFENDANT:  (Pause.)
18           THE COURT:  Have there been any other promises made
19   to you?
20           THE DEFENDANT:  (Defendant confers with his counsel.)
21   No.
22           THE COURT:  The record will reflect that Mr. Ali had
23   a private conversation with his attorney.
24                Have there been any threats made to you
25   regarding this disposition?
26           THE DEFENDANT:  No.
27           THE COURT:  Have you in any way been influenced in
28   deciding to resolve this matter in any way?  Have you
```

```
 1        MR. HOWE:  Sir, do you understand that without the
 2   negotiated disposition that we've arrived at, which is
 3   you'll receive 14 years in state prison, that the charges
 4   and allegations and prior convictions that are in effect
 5   at the time of your plea, that is, after I move to
 6   dismiss the serious felony, your maximum exposure would
 7   otherwise be 21 years and 4 months?
 8        THE DEFENDANT:  Yes.
 9        MR. HOWE:  Counsel, have you had enough time and have
10   you, in fact, been able to explain to Mr. Ali the
11   potential immigration consequence in the event he's not a
12   United States citizen?
13        MS. AMBROSIO:  Yes, I have.
14        THE COURT:  And there was one other waiver, sir.
15             By way of this plea bargain, do you understand
16   that you are giving up certain appellate rights?  In
17   other words, without this plea bargain and without your
18   waiver, you would have the right to petition the Court to
19   appeal certain rulings I have made already and perhaps
20   rulings that have been made previously in this case;
21   however, by way of this plea bargain you are giving up
22   the right to appeal anything except any sentencing errors
23   that I might make.
24             Do you understand that?
25        THE DEFENDANT:  Yes.
26        THE COURT:  At this time do you understand and give
27   up those appellate rights?
28        (Defendant confers with his counsel.)
```

14

1     THE DEFENDANT:  Yes, I do.

2     THE COURT:  Thank you.

3          Anything further, Mr. Howe?

4     MR. HOWE:  No, Your Honor.  Thank you.

5     THE COURT:  And the record should reflect there was a

6     brief conversation between Mr. Ali and his attorney

7     before he was asked that last question.

8          Counsel, anything further?

9     MS. AMBROSIO:  No, Your Honor.

10    THE COURT:  Mr. Ali, do you have any further

11    questions of your attorney either privately or on the

12    record before I ask your pleas?

13    THE DEFENDANT:  No.

14    THE COURT:  Do you have any questions of the District

15    Attorney or myself?

16    THE DEFENDANT:  No, I don't.

17    THE COURT:  Will you please stand, sir.

18         How do you plea -- Count 1 alleges a felony

19    violation of assault with a deadly weapon or assault

20    likely to produce great bodily injury, a felony,

21    violation of Penal Code Section 245(a)(1), to that charge

22    how do you plea:  Guilty, not guilty or no contest?

23    THE DEFENDANT:  No contest.

24    THE COURT:  Sir, it is alleged that at the time of

25    the commission of this offense you personally used a

26    dangerous and deadly weapon, a baseball bat, within the

27    meaning of 667 and 1192.7 of the Penal Code.

28         Do you admit or deny that allegation?  Admit or

1   deny?

2       (Defendant confers with his counsel.)

3       THE DEFENDANT: I admit it.

4       THE COURT: The record will reflect a brief private

5   conversation between Mr. Ali and his attorney.

6           As to the allegations that this offense was

7   committed for the benefit of, at the direction or in

8   association with a criminal street gang, within the

9   meaning of Penal Code Section 186.22(b)(1) of the Penal

10  Code, do you admit or deny that?

11      THE DEFENDANT: Admit.

12      THE COURT: As to Count 2, a felony violation of

13  Penal Code Section 245(a)(1), assault with a deadly

14  weapon or assault with a baseball bat and the victim

15  named Pravin Sharma, how do you plea: Guilty, not guilty

16  or no contest?

17      THE DEFENDANT: No contest.

18      THE COURT: As to the allegation that you personally

19  used a dangerous and deadly weapon, to wit: a baseball

20  bat within the meaning of Penal Code Section 667 and

21  1192.7 of the Penal Code, do you admit or deny that

22  allegation?

23      THE DEFENDANT: I admit.

24      THE COURT: As to the allegation that this offense

25  was committed for the benefit of, at the direction of,

26  and in association with a criminal street gang with the

27  required specific intent within the meaning of Penal Code

28  section 186.22(b)(1), do you admit or deny that?

# EXHIBIT C

1  Law Office of Eric W. Conner
   ERIC W. CONNER, Esq.
2  California State Bar Number 145616
   101 Ygnacio Valley Road, Suite 220
3  Walnut Creek, California 94596
   Telephone: (925)937-2070
4      Fax: (925)937-2655



F I L E D
OCT 1 3 2000
KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY_____ DEPUTY

5  Attorneys for Petitioner
   **RIYAZ ALI**
6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                       **COUNTY OF SANTA CLARA**

9

10  In re:                          )   Case No. 209404
                                    )
11                                  )   **DECLARATION OF PETITIONER**
    RIYAZ ALI,                      )   **RIYAZ ALI IN SUPPORT**
12                                  )   **OF PETITION FOR WRIT OF**
                                    )   **HABEAS CORPUS**
13  On Habeas Corpus.               )
                                    )
14  _____   )

15

16          I, RIYAZ ALI, declare as follows:

17          1.     I am the petitioner in the above action. I make this declaration based upon

18  my own personal knowledge and if called upon to testify, I could and would testify

19  competently and truthfully as to the matters set forth herein.

20          2.     I am currently in the custody of the California Department of Corrections.

21  Judgment in my criminal case was imposed by the Santa Clara County Superior Court on

22  April 5, 1999 in case number 209404. I do not currently, nor have I ever had, a tatoo on

23  my person reflecting "Fiji Islands."

24          3.     On or about May 27, 1998, an Information was filed charging me and co-

25  defendant Shaheed Ali with several counts of assault with a deadly weapon in violation of

26  Penal Code section 245(a)(1) and one count of vandalism in violation of Penal Code

27  section 594(a)-(b)(3). I was also charged with a Penal Code section 667(a) enhancement.

28

DECLARATION OF PETITIONER RIYAZ ALI IN
SUPPORT OF PETITION FOR WRIT OF HAB.CORP.   1

1     4.     On or about January 4, 1999, my criminal case was sent from the Master

2  Trial Calendar to Department 26 for jury trial. I was informed by the court that I was facing

3  22 years for the charged crimes and, if convicted, would be sentenced to the 22 years if

4  I refused to accept a plea bargain which included a 14 year state prison commitment.

5     5. My co-defendant, Shaheed Ali, also accepted a plea bargain. Shaheed Ali pled

6  guilty to all charges against him in exchange for a state prison term between 2-5 years.

7  I repeatedly informed my trial attorney that I was not involved in the attack and that it was

8  my co-defendant Shaheed Ali that was responsible for the bat attack. My trial attorney

9  failed to interview Shaheed regarding his involvement. I attempted to hire another attorney

10  for my trial, however, the attorney I attempted to hire was informed by the court that he

11  would be allowed to substitute in as attorney of record but would need to be prepared to

12  start trial immediately and would not be given a continuance so that he could prepare. The

13  attorney informed me that he was not prepared as he had not reviewed the evidence nor

14  interviewed any of the witnesses, including my co-defendants.

15     6.     After accepting my plea bargain, I learned that my co-defendant Shaheed Ali

16  was willing to testify on my behalf regarding his attack on the victim in our case. I also

17  learned that Shaheed was not contacted by my trial attorney. Had I known before

18  accepting my plea that Shaheed was willing to testify in my favor, I would not have entered

19  into the plea bargain. After accepting my plea, and before being sentenced, I hired

20  attorney Eric W. Conner to move the court for withdrawal of my plea. On April 5, 1999, the

21  trial court denied my motion to withdraw my plea and I was sentenced to 14 years in state

22  prison. The trial court also denied my request for a certificate of probable cause.

23     I declare under penalty of perjury pursuant to the laws of the State of California that

24  the above is true and correct and that this declaration was executed on the __O2__ day

25  of August 2000 in the City of _Tracy ( San Joaquin ) County_ California.

26

27  RIYAZ ALI, Petitioner

28

DECLARATION OF PETITIONER RIYAZ ALI IN
SUPPORT OF PETITION FOR WRIT OF HAB.CORP.   2

# EXHIBIT D



THE STATE BAR
OF CALIFORNIA

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1639

OFFICE OF THE CHIEF TRIAL COUNSEL
ENFORCEMENT

TELEPHONE: (415) 538-2000
TDD: (415) 538-2231
FAX: (415) 538-2284

DIRECT DIAL: (415) 538-2202

October 11, 2006

## PERSONAL AND CONFIDENTIAL

Riyaz Ali, CDC #J09891                                    **LEGAL MAIL**
California Med Facility
P.O. Box 2500
Vacaville, CA   95696

Re:     Respondent:           Eric W. Conner
        Case Number:          06-O-13280

Dear Mr. Ali:

The State Bar of California has actively investigated your complaint. At this time, we anticipate a likely disbarment recommendation will be issued against Mr. Conner in a different State Bar matter.

Therefore, the State Bar has determined that the best option at this time is to suspend our investigation of your complaint pending a disposition or final outcome of the above-referenced State Bar proceeding in which the disbarment decision is anticipated. We will take no further action on your complaint at this time.

Please keep the records related to your complaint and inform this office if your address or telephone number changes.

California lawyers have established the Client Security Fund to reimburse certain monetary losses due to attorney dishonesty. You may wish to contact the Client Security Fund at (213) 765-1140 to determine your eligibility for reimbursement.

You may wish to consult with legal counsel for advice regarding any other available remedies. You may contact your local or county bar association to obtain the names of attorneys to assist you.

Thank you for bringing this matter to our attention and for the valuable assistance you have provided to us. The State Bar depends on the assistance of the public in effectively monitoring the conduct of California attorneys.

Very truly yours,

*Michal Gilbert*

Michal Gilbert
Investigator

mg



**THE STATE BAR OF CALIFORNIA**

180 HOWARD STREET, SAN FRANCISCO, CALIFORNIA 94105-1639

OFFICE OF THE CHIEF TRIAL COUNSEL
ENFORCEMENT

TELEPHONE: (415) 538-2000
TDD: (415) 538-2231
FAX: (415) 538-2284

December 5, 2006

**PRIVILEGED AND CONFIDENTIAL**
Riyaz Ali, CDC #J09891
California Med Vacility
P. O. Box 25000
Vacaville, California 95696

| Re: | Respondent: | Eric W. Conner |
|-----|-------------|----------------|
|     | Case Number: | 06-O-13280 |

Dear Mr. Ali:

The State Bar of California has actively prosecuted your complaint. I am writing to inform you that the State Bar of California has recommended that Eric W. Conner be disbarred from the practice of law in California. As a result of this recommendation, Mr. Conner is no longer entitled to practice law in this state.

Please keep the records related to your complaint and inform this office if your address or telephone number changes. After five or more years, some disbarred attorneys attempt to obtain an order allowing them to practice law again. We may need your assistance if Mr. Conner attempts to do so.

California lawyers have established the Client Security Fund to reimburse certain monetary losses due to attorney dishonesty. You may wish to contact the Client Security Fund at (213) 765-1140 to determine your eligibility for reimbursement.

You may wish to consult with legal counsel for advice regarding any other available remedies. You may contact your local or county bar association to obtain the names of attorneys to assist you.

Thank you for bringing this matter to our attention and for the valuable assistance you have provided to us. The State Bar depends on the assistance of the public in effectively monitoring the conduct of California attorneys.

Very truly yours,

Maria J. Oropeza
Deputy Trial Counsel

MJO:phd

# EXHIBIT E

In the Case of: RIYAZ ALI
Info. #: 209404                                    February 22, 1999

Robin Sharma is unsure as to whether or not he will attend this
hearing.   Pravin Sharma will be present.

## DEFENDANT'S STATEMENT:

The defendant was interviewed at the Elmwood facility on February
10, 1999.   In response to the undersigned's questions, the
defendant related he attended a party in Fremont on Saturday, May
2, 1998, where a group from East Palo Alto was present.   The
group from East Palo Alto, which included the two victims, tried
to instigate a fight with the defendant's brother (codefendant
Shaheed Ali) and his companions, which the defendant quelled.
The defendant stated he attended the party with his "fiancee and
her family" so he obviously was not there for trouble.   The
defendant interjected that he has known victim Pravin Sharma for
several years because they played soccer together.   He also
commented that Pravin was just out of prison and the defendant
and Pravin had discussed the defendant assisting him in getting
an attorney to fight his (victim's) immigration case which the
defendant is also doing.   The defendant then commented that on
the night of the party, victim Robin Sharma got the telephone
number for one of the girls present.   The defendant, who reports
residing in Hayward with his fiancee and her family, received a
call on Sunday (May 3, 1998) from codefendant Ronish Sharma who
advised the victims were telephoning one of the girls and making
improper sexual comments to them.   The girls had scheduled a
meeting with the victims at a park in Palo Alto so the defendant
met everyone at his cousin's house in San Mateo.   The defendant
indicated he wanted to talk with the victims to inquire "about
why they were calling these young girls to have sex."   The
defendant stated the behavior of the victims was most improper
and he wanted to discuss it with them.   The defendant then
explained that "three cars went to the park" to meet with the
victims and he denied seeing any bats until he "came out of the
bushes."   When asked why he even hid in the bushes if he only
wanted to talk to them, the defendant explained that the victims
would not have come into the park if they had seen them.   The
defendant denied fighting or swinging a bat at anyone and stated
he had witnesses to prove this.   The defendant also denied
threatening to kill the victims, indicating he was told by victim
Pravin Sharma that if he (defendant) gave him $10,000, he would
drop the charges.   When this officer inquired as to the
defendant's plea of nolo contendere, the defendant stated he
"took the deal because I was stressed."   The defendant indicated
he was told that he could not get a private attorney and,
further, that if he did not "take the deal" and if he took this

6

to a jury trial, "I was going to get 22 years instead of 14."
The defendant explained the Court took this position because of
his history, but he has witnesses who "pleaded the fifth." The
defendant advised he would like to get his own attorney, and get
an investigation going to bring evidence to Court that would
prove he is innocent. "The Court knows I didn't do this but they
are thinking that I'm a gang leader." While admitting to
previous gang membership and stating that he "grew up the wrong
way," the defendant denied any current membership and reiterated
that he only went to he park to talk to victim Pravin Sharma. He
also reiterated that he "stopped the fight the first night." The
defendant concluded by stating there were a few other people at
the park on the night in question who also had bats and whose
names were never mentioned.

The defendant was taken into custody in Vancouver, where he went
in June of 1998. The defendant stated he was stopped in a speed
check and when his driver's license was checked, the warrants
were found.

The defendant also denied the use or abuse of illegal substances.

## INTERESTED PARTIES:

Christine Buffleben, Supervising Parole Agent, advised the
defendant was paroled from Soledad on December 23, 1994, after
serving a commitment for Assault With a Firearm. On September 2,
1996, the defendant returned to custody for 12 months ineligible
for Assault With a Deadly Weapon and for changing residences
without informing the parole division. On March 10, 1998, the
defendant's parole was violated because he failed to follow
instructions. As a result of this violation, the defendant was
not placed in custody but was allowed to continue on parole and
he is due to discharge on May 11, 1999. Ms. Buffleben indicated
a warrant was issued for the defendant on May 4, 1998, for the
instant offense in addition to traveling beyond 50 miles without
permission and absconding. As previously noted, the defendant
has not had a parole hearing yet on these charges. The parole
agent stated she has supervised the defendant for approximately
one year and described his adjustment as marginal until the
recent offenses. She concurs with the conditional plea as the
defendant tends to fall back into the same behavioral pattern.

With respect to the defendant's prior strike conviction for
Assault With a Firearm, this incident occurred in 1993 in Sutter
County and involved the defendant and his associates running the

7

# EXHIBIT F

1  Law Office of Eric W. Con.
   ERIC W. CONNER, Esq.
2  California State Bar Number 145616
   101 Ygnacio Valley Road, Suite 220
3  Walnut Creek, California 94596
   Telephone: (925)937-2070
4       Fax: (925)937-2655

5  Attorneys for Petitioner
   RIYAZ ALI
6

7              SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                    COUNTY OF SANTA CLARA

9

10  In re:                    )        Case No. 209404
                              )
11                            )        DECLARATION OF
    RIYAZ ALI,                )        SHAHEED ALI IN SUPPORT
12                            )        OF PETITION FOR WRIT OF
                              )        HABEAS CORPUS
13  On Habeas Corpus.         )
                              )
14  _____  )

15        I, SHAHEED ALI, declare as follows:

16        1.      I was a co-defendant in the above petitioner's criminal case which is the

17  subject of the instant petition for writ of habeas corpus. I make this declaration based

18  upon my own personal knowledge and if called upon to testify, I could and would testify

19  competently and truthfully as to the matters set forth herein.

20        2.      I currently have a tatoo on my body reflecting "fiji islands." On or about May

21  3, 1998, I accompanied petitioner, Riyaz Ali, along with several other of my friends, to

22  Greer Park. On the prior night of May 2, 1998, I, along with several of my friends, had a

23  confrontation with Robin and Pravin Sharma. Our intentions on the night of May 3, 1998

24  was to meet Robin and Pravin Sharma at Greer Park so that we could beat them up. I

25  brought an aluminum baseball bat with me to use on Robin and Pravin.

26        3.      Approximately 30 minutes after we arrived at Greer Park, Robin and Pravin

27  arrived. Pravin and Robin ran when we jumped out of the bushes. Pravin got away

28  unhurt. I ran after, caught and attacked Robin with the baseball bat. During this attack,

                                        1

1.   petitioner was not assisting me in any way.

2.       4.       During criminal proceedings regarding said attack, I was never contacted by

3.   petitioner's attorney. Had I been contacted by petitioner's attorney, I would have admitted

4.   my involvement in the attack and would have agreed to testify that the petitioner was not

5.   involved in the attack on the victims.

6.       I declare under penalty of perjury pursuant to the laws of the State of California that

7.   the above is true and correct and that this declaration was executed on the __2__ day

8.   of August, 2000, in the City of __(CALINGG_____, State of California.

9.

10.  _____
     SHAHEED ALI, Declarant

11.

12.

13.

14.

15.

16.

17.

18.

19.

20.

21.

22.

23.

24.

25.

26.

27.

28.

2

## AFFIDAVIT OF DECLARANT

I, Sylvester Joseph Whittle, hereby declare under penalty of perjury that the foregoing declaration is true and correct, as follows;

In or about 1998 I, Shaheed Ali, and Riyaz Ali were involved in a fight that occurred in Greer Park in Palo Alto with two other persons (victims).

I am the person who struck Praveen Sharma on the shoulder. He took off running, after I hit him, and fled to an apartment and called 911. Shaheed grabbed Robin Sharma, threw him to the ground, he got up and also ran away.

Praveen Sharma claimed that Riyaz struck him. He also claimed that the person who struck him missed hitting him with a bat. Praveen Sharma and I have been acquainted for over 10 years. Praveen stated that he has observed gang letters on my chest and claims that the person who struck him on his wrist also had gang letters on his chest, however, I do not have any gang letters on my chest.

I was prepared to testify that Riyaz was not involved, however, I was not contacted nor requested to appear as a witness on behalf of Riyaz.

I declare such as being true and correct on this date of March _3_ 2002 under penalty of perjury.

Sylvester Joseph Whittle
727 Claridge Drive
Pacifica, CA 954044

# EXHIBIT G



RIYAZ ALI



SHAHEED ALI

# EXHIBIT H
# COURT ORDERS

1

2              **NOT FOR CITATION**

3          UNITED STATES DISTRICT COURT

4        NORTHERN DISTRICT OF CALIFORNIA

5

6

7  RIYAZ ALI,

8              Petitioner,                    No. C-02-3889 PJH

9      v.                                **JUDGMENT**

10
   EDWARD S. ALAMEIDA, JR.,
11

12              Respondent.

13  _____/

14      Pursuant to the Order Dismissing Petition for Writ of Habeas Corpus signed

15  today, this action is DISMISSED.

16

17      **IT IS SO ORDERED.**

18

19

20  Dated: August __//__, 2003

21                                    PHYLLIS J. HAMILTON
                                      United States District Judge
22
    Copies mailed to counsel of record
23

24

25

26

27

28

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT   **F I L E D**

MAR 2 2 2001

Court of Appeal - Sixth App. Dist.

By_____
　　　　　　　　　DEPUTY

|  |  |
|---|---|
| In re RIYAZ ALI,<br><br>on Habeas Corpus. | H022420<br>(Santa Clara County<br>Super. Ct. No. 209404) |

BY THE COURT:

The petition for writ of habeas corpus is denied.

(Cottle, P.J., Bamattre-Manoukian, J., and Wunderlich, J., participated in this decision.)

Dated   **MAR 2 2 2001**　　　　　　　　**COTTLE, P.J.**   P.J.

1

2

3

F I L E D

OCT 3 1 2000

4      KIRI TORRE
Chief Executive Officer/Clerk
Superior Court of CA County of Santa Clara

5      BY _____ DEPUTY

6

7

8              SUPERIOR COURT OF CALIFORNIA

9                 COUNTY OF SANTA CLARA

10

11

12

                                    )
13  In re                           )    No. 209404
                                    )
14                                  )
     RIYAZ ALI                      )    O R D E R
15                                  )
                                    )
16  On Habeas Corpus                )
                                    )
17

18       RIYAZ ALI ("Petitioner") petitions for a writ of habeas corpus.

19  In a prior petition, the petitioner failed to present any

20  declarations in support of his allegations, and therefore, the

21  petition was summarily denied.  Petitioner has now submitted a

22  petition with a declaration from a co-defendant.  However,

23  petitioner has failed to show that the declaration by his co-

24  defendant establishes that petitioner's attorney was ineffective.

25       In order to demonstrate ineffective assistance of counsel, a

26  defendant must show (1) that his counsel's performance was deficient

27  because the lawyer's representation fell below an objective standard

28  of reasonableness under prevailing professional norms and

1

1  (2) counsel's deficient performance subjected the defendant to
2  prejudice, i.e., there is a reasonable probability that, but for
3  counsel's failings, the result would have been more favorable to the
4  defendant. (Strickland v. Washington (1984) 466 U.S. 668, 687-688,
5  cited in In Re Harris (1993) 5 Cal.4th at 832-833; In Re Alvernas
6  (1992) 2 Cal.4th 924, 936-937 and People v. Haskett (1990) 52 Cal.3d
7  210, 248.)

8      Likewise, in order to make a successful collateral attack on a
9  conviction obtained through a guilty plea on the grounds of (1)
10  misadvisement or failure to advise of the consequences of the plea,
11  or (2) a denial of constitutional rights, the petitioner must allege
12  and prove prejudice. (In Re Moser (1993) 6 Cal.4th 342; People v.
13  Walker (1991) 54 Cal.3d 1013; People v. Tassell (1984) 36 Cal.3d 77;
14  In re Ronald E. (1977) 19 Cal.3d 315; People v. Avila (1994) 24
15  Cal.App.4th 1455; People v. Cooper (1992) 7 Cal.App.4th 593.)   That
16  is, the Petitioner must demonstrate that if he had been correctly
17  advised about the consequences of his plea, and had been aware of
18  his constitutional rights, he would not have pleaded guilty. (In Re
19  Moser (1993) 6 Cal.4th 342; People v. Walker (1991) 54 Cal.3d 1013;
20  People v. Tassell (1984) 36 Cal.3d 77; In re Ronald E. (1977) 19
21  Cal.3d 315; People v. Avila (1994) 24 Cal.App.4th 1455; People v.
22  Cooper (1992) 7 Cal.App.4th 593.)

23      In the present case, the declaration by petitioner's co-
24  defendant does not demonstrate that petitioner was prejudiced.   For
25  one, the co-defendant's statement is not credible.   The co-defendant
26  was petitioner's brother and it is highly unlikely that his
27  statements would have been believed by a jury especially in light of
28  the evidence against the petitioner, such as, the victim's

2

1  identification of the petitioner, and the co-participants'
2  statements regarding petitioner's role in the attack. The
3  petitioner's attorney's advice that the petitioner plead was in fact
4  the competent approach to take. By accepting the plea, petitioner
5  avoided several additional years in prison. And because of the
6  benefits in pleading, it is not believable that petitioner would
7  have acted differently.

8       Accordingly, the petition for a writ of habeas corpus is
9  DENIED.

10
11 DATED: _____ , 2000    _____
                                         JOHN T. BALL
12                                  JUDGE  OF THE SUPERIOR COURT

13
   cc:   Petitioner's Attorney
14         Office of the District Attorney of Santa Clara County
           Research
15

16

17

18

19

20

21

22

23

24

25

26

27

28

S098215

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

In re RIYAZ ALI on Habeas Corpus

SUPREME COURT
**FILED**

OCT 3 1 2001

Frederick K. Ohlrich Clerk

**DEPUTY**

Petition for writ of habeas corpus is DENIED. (See *In re Swain* (1949) 34 Cal.2d 300, 304; *In re Duvall* (1995) 9 Cal.4th 464, 474; *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Dixon* (1953) 41 Cal.2d 756.)

Chief Justice

38

## Docket Listing

| | |
|---|---|
| **Case Number:** | S098215 |
| **Current Status:** | case closed |
| **Case Title:** | ALI ON H.C. |
| **Start Date:** | 06/11/2001 |
| **Case Category:** | Original Proceeding - Habeas |

## Court of Appeals Case Information

## Lower Court Case Information

## Party Information

RIYAZ ALI
 Petitioner

### Attorneys

ERIC WILLIAM CONNER
 Associate Attorney
 Attorney At Law
 101 YGNACIO VALLEY ROAD
 SUITE 220
 WALNUT CREEK, CA 94569

## Docket Events

| Date | Event |
|---|---|
| 06/11/2001 | Petition for writ of Habeas Corpus filed by counsel for petnr(Ali) |
| 10/31/2001 | Petition for writ of Habeas Corpus Denied |

39

**FILED**

MAR 26 2007

KIRI TORRE
Chief Executive Officer
Superior Court of CA County of Santa Clara
BY_____ D. Milla _____ DEPUTY

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF SANTA CLARA

In re                                    )        No. 209404
                                         )
        RIYAZ ALI                        )        Order
                                         )
On Habeas Corpus                         )
_____)

RIYAZ ALI (Petitioner) has filed multiple petitions in this Court and others. Petitioner again challenges his negotiated plea. Petitioner contends his trial attorney and appellate attorney provided ineffective assistance of counsel on the grounds that the two attorneys colluded to have petitioner plead. Petitioner has included information indicating that attorney Eric Conner has been disbarred.

Petitioner has failed to show any evidence of collusion aside from his own self-serving statements. (In re Alvernaz (1992) 2 Cal.4th 924, 938.) Mr. Conner, one of petitioner's attorneys, was disbarred for behavior completely unrelated to petitioner or his allegations and therefore it does not establish evidence of collusion. Petitioner has failed to show grounds for relief and for filing the multiple petitions. (People v. Gonzalez (1990) 51 Cal.3d 1179, 1258; In re Clark (1993) 5 Cal.4th 750, 767-768.)

Accordingly, the Petition is DENIED.

Date: _3/16/07_

Diane Northway

DIANE NORTHWAY
JUDGE OF THE SUPERIOR COURT

Cc:     Petitioner
        District Attorney
        CHC
        Research (2-26)

**S153670**

# IN THE SUPREME COURT OF CALIFORNIA

**En Banc**

---

In re RIYAZ ALI on Habeas Corpus

---

The petition for writ of habeas corpus is denied. (See *In re Robbins* (1998) 18 Cal.4th 770, 780; *In re Clark* (1993) 5 Cal.4th 750.)

SUPREME COURT
**FILED**

NOV **2 8** 2007

Frederick K. Ohlrich Clerk

———————————————
Deputy

**GEORGE**
———————————————
Chief Justice

EXHIBIT I

## **Declaration**

I Asad Ali declare that the following information is true and correct to the best of my recollection, under penalty of perjury.

On or about April of 1999, I was called to testify on behalf of Riyaz Ali in the matter of an assault, which took place. When I arrived at the court on the day I was to testify, I was to testify, I was assigned a Public Defender who told me that I was to take the Fifth. The reason is that if I told the truth that Riyaz did not have any hand in the assault, then I would be handcuffed immediately, and taken to jail and charge with the crime. I was afraid to testify, so I went along with what my public defender told me. I did not know that they would convict Riyaz for something that he did not do. I am coming forward now to set the record straight and exonerate an innocent man.

I am making this statement of my own free will, and am under no duress.

Dated this _O3<sup>vd</sup>_ day of _January_ , 200ᙏ .

Signed: _asad (Ali_

Witness by; _Elizabeth Gonzalez, Notary Public_ .

State of California. County of _Alameda_
Subscribed and sworn to (or affirmed) before me
on this _3_ day of _January_ , 200ᙏ ,
by _Asad   Ali_
personally known to me or proved to me on the
basis of satisfactory evidence to be the person(s)
who appeared before me.
Signature: _Elizabeth Gonzalez_ .



ELIZABETH GONZALEZ
Commission # 1596431
Notary Public - California
Alameda County
My Comm. Expires Jul 22, 2009

1                    UNITED STATES DISTRICT COURT

2                    NORTHERN DISTRICT OF CALIFORNIA

3

4      Riyah Ali                        )   CASE No.
                          Petitioner    )
5                                       )   PROOF OF SERVICE
                                        )
6      VS                               )
                                        )
7      Mike Knowles, Warden(A)          )
                          Respondent.   )
8      _____)

9          I, the undersigned, hereby certify that I am over the

10     age of eighteen years and am not a party to the above

11     entitled action.

12         On ___Jan 24th_____ , _2008_ , I served a copy of

13     Petition for Writ of Habeas Corpus and Exhibits _____

14     by placing said copy in a postage paid envelope addressed

15     to the person(s) hereinafter listed, by depositing said

16     envelope in the United States Mail:

17     (List all person(s) served in this action.)
          Clerk of the United States District Court
18        Northern District of California
          450 Golden Gate Avenue, Box 36060
19        San Francisco, CA 94102

20

21        Attorney General Office
          Dept. of Justice
22        P.O. Box 944255
          Sacramento, CA 94244-2550

23

24

25         I declare, under the penalty of perjury, that the

26     foregoing is true and correct.

27     DATED: _24 JAN 2008_        _____
                                          Declarant's signature
28     _HENRY C. WILLIAMS_____
          Declarant's printed name

USDC-PROOF-3